UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JARMILTON QUINONES,

                Plaintiff,

-against-

CITY OF NEW YORK; Police Officer ODELLE DESPOT, Shield No. 16190; Police Officer WILLIAM RYAN, Shield No. 30855; and JOHN and JANE DOE 3 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.
------------------------------------------------------------------ x

**SECOND AMENDED COMPLAINT**

10 CV 5877 (FB) (RML)

Jury Trial Demanded

## **NATURE OF THE ACTION**

    1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## **JURISDICTION AND VENUE**

    2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

    3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

    4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.    Plaintiff demands a trial by jury in this action.

## PARTIES

6.    Plaintiff Jarmilton Quinones is a resident of Kings County in the City and State of New York.

7.    Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.    Defendant Police Officer Odelle Despot, Shield No. 16190 ("Despot"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Despot is sued in his individual and official capacities.

9.    Defendant Police Officer William Ryan, Shield No. 30855 ("Ryan"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ryan is sued in his individual and official capacities.

10.    At all times relevant defendants John and Jane Doe 3 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 3 through 10.

11. At all times relevant herein, defendants John and Jane Doe 3 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 3 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. On January 23, 2010, at approximately 1:50 p.m., plaintiff was in the vicinity of the intersection of Glenmore Avenue and Thatford Avenue in Brooklyn, New York.

14. Plaintiff had just left the home of a friend who lives at 1548 East New York Avenue in Brooklyn, New York.

15. Plaintiff was approached by police officers including defendant Despot and, upon information and belief, defendant Ryan.

16. The officers accused plaintiff of trespassing.

17. Plaintiff had not been trespassing, nor had he committed any crime.

18. Plaintiff explained to the officers that he had not been trespassing and asked them to confirm his lawful presence with the tenant he had visited.

19. The officers refused to check with the tenant.

20. The officers then handcuffed and falsely arrested Mr. Quinones.

21. When they arrested him, the officers told Mr. Quinones that they were going to issue him a summons at the precinct for trespassing.

22. The officers placed Mr. Quinones in a van and drove around for approximately an hour and a half before they arrived at the precinct.

23. After spending approximately seven hours in custody, Mr. Quinones was released.

24. Plaintiff subsequently learned that he had been falsely charged with Trespass in the 2nd, 3rd and 4th Degrees, as well as Criminal Possession of a Controlled Substance.

25. Plaintiff's criminal charges were adjourned in contemplation of dismissal.

26. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to his reputation.

## **FIRST CLAIM**
## **42 U.S.C. § 1983**

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

29. As a direct and proximate result of this unlawful conduct, Mr. Quinones sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32. As a direct and proximate result of this unlawful conduct, Mr. Quinones sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Failure To Intervene

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

5

35. Accordingly, the defendants who failed to intervene violated the Fourth Amendment.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. The individual defendants created false evidence against Mr. Quinones.

38. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

39. In creating false evidence against Mr. Quinones, and in forwarding false information to prosecutors, the individual defendants violated Mr. Quinones's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

40. As a direct and proximate result of this unlawful conduct, Mr. Quinones sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### *Monell*

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

6

42. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

43. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

44. The City, through its police department, trains its officers to illegally arrest NYCHA tenants and their guests on fabricated trespass charges and is indifferent to the consequences.

45. By virtue of numerous lawsuits brought challenging the legality of this conduct, the City is aware and has had ample notice that this practice leads to constitutional violations.

46. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

47. The City, through its police department, has an overtime policy that incentivizes arrests in the absence of probable cause through overtime payments for arrest processing time.

48. Federal judges have also recognized such a custom and practice of police officers. According to the Honorable Jack B. Weinstein:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration-through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

Colon v. City of New York, 09 Civ 08, 09 Civ 09 (JBW) (E.D.N.Y. Nov. 25, 2009).

49. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

50. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

51. These policies, practices, and customs were the moving force behind plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: August 22, 2011
               New York, New York

HARVIS & SALEEM LLP

_____
Gabriel P. Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@harvisandsaleem.com

*Attorney for plaintiff*

9